**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KARL KREIG, | CIVIL ACTION – LAW |
| Plaintiff | |
| v. | JUDGE MARIANI |
| WALMART STORES, INC., | JURY TRIAL DEMANDED |
| Defendant | NO.: 3:21-cv-00074 |

## ANSWER WITH AFFIRMATIVE DEFENSES

NOW COMES the Defendant to this matter, WALMART STORES, INC. (correctly "WAL-MART STORES EAST, L.P."), through counsel, Thomas, Thomas and Hafer, LLP, and hereby responds to the Complaint of Plaintiff, Karl Kreig, as follows:

1.      Denied.  Defendant is without facts or information sufficient to form a belief as to the truth or accuracy of the allegations contained within Paragraph 1 and, therefore, the allegations thereof are deemed denied.

2.      Admitted in part and denied in part.  It is admitted only that "Walmart Stores, Inc.," is identified as a Defendant to this matter.   However, the proper Defendant for purposes of this litigation is "Walmart Stores East, L.P."  It is denied that Defendant has a principal place of business located at 900 Commerce Boulevard, Dickson City, Lackawanna County, Pennsylvania.  Rather, Defendant is a Delaware corporation with a principal place of business located in Arkansas.

By way of further response, Defendant operates a retail store located at 900 Commerce Boulevard, Dickson City, Lackawanna County, Pennsylvania.

3.     Admitted in part and denied in part.  It is admitted only that Defendant operates a retail store located at 900 Commerce Boulevard, Dickson City, Lackawanna County, Pennsylvania.  The remaining allegations of this paragraph are denied as they constitute conclusions of law to which no responsive pleading is required and, therefore, said allegations are deemed denied.

4.     Denied.  The allegations contained within Paragraph 4 constitute conclusions of law to which no responsive pleading is required and, therefore, the allegations of this paragraph are denied on this basis.  By way of further response, the allegations of Paragraph 4, to the extent they are determined to be factual, are denied as Defendant is without facts or information sufficient to form a belief as to the truth or accuracy of these averments and, therefore, said averments are deemed denied.

5.     Denied. The allegations contained within Paragraph 5 constitute conclusions of law to which no responsive pleading is required and, therefore, the allegations of this paragraph are denied.

6.     Denied as to all parts and sub-parts.  The allegations contained within Paragraph 6 constitute conclusions of law to which no responsive pleading is required and, therefore, the allegations of this paragraph are denied.  By way of

further response, the allegations of Paragraph 6, to the extent they are determined to be factual, are denied as Defendant is without facts or information sufficient to form a belief as to the truth or accuracy of these averments and, therefore, said averments are deemed denied.

7.     Denied. The allegations contained within Paragraph 7 constitute conclusions of law to which no responsive pleading is required and, therefore, the allegations of this paragraph are denied.  By way of further response, the allegations of Paragraph 7, to the extent they are determined to be factual, are denied as Defendant is without facts or information sufficient to form a belief as to the truth or accuracy of these averments and, therefore, said averments are deemed denied.

8.     Denied.  The allegations contained within Paragraph 8 constitute conclusions of law to which no responsive pleading is required and, therefore, the allegations of this paragraph are denied.  By way of further response, the allegations of Paragraph 8, to the extent they are determined to be factual, are denied as Defendant is without facts or information sufficient to form a belief as to the truth or accuracy of these averments and, therefore, said averments are deemed denied.

9.     Denied.  The allegations contained within Paragraph 9 constitute conclusions of law to which no responsive pleading is required and, therefore, the

allegations of this paragraph are denied. By way of further response, the allegations of Paragraph 9, to the extent they are determined to be factual, are denied as Defendant is without facts or information sufficient to form a belief as to the truth or accuracy of these averments and, therefore, said averments are deemed denied.

10.    Denied. The allegations contained within Paragraph 10 constitute conclusions of law to which no responsive pleading is required and, therefore, the allegations of this paragraph are denied. By way of further response, the allegations of Paragraph 10, to the extent they are determined to be factual, are denied as Defendant is without facts or information sufficient to form a belief as to the truth or accuracy of these averments and, therefore, said averments are deemed denied.

WHEREFORE, Defendant, WALMART STORES, INC., (correctly "WALMART STORES EAST, L.P."), demands judgment in its favor and against that of all other parties, together with costs of suit and all such other relief as this Honorable Court deems just and equitable.

## **AFFIRMATIVE DEFENSES**

NOW COMES the Defendant, WALMART STORES, INC., (correctly "WALMART STORES EAST, L.P."), and hereby asserts the following Affirmative Defenses in further response to the allegations contained and set forth in the Plaintiff's Complaint, stating the following:

**Affirmative Defense 1.** Defendant believes and therefore avers that the Plaintiff has failed to state a claim upon which relief might be granted against it.

**Affirmative Defense 2.** Defendant further believes and therefore avers that any injuries and damages sustained by the Plaintiff as a result of the incident at issue in this matter may have been caused by the acts and/or omissions of either persons or entities over and for whom it has no control and for whom it is not responsible.

**Affirmative Defense 3.** The Plaintiff's claims are, or may be, barred by application of the appropriate Statute of Limitations and/or the Doctrine of Laches.

**Affirmative Defense 4.** To the extent discovery in this matter reveals facts in support of the following allegations, Defendant asserts the following as an affirmative defense so as not to have waived such defense for use at trial:

      (a)    Defendant may not have owed a duty to the Plaintiff at any time relevant to this action;

      (b)    Defendant did not breach any duty that may have been owed to the Plaintiff at any time relevant to this action;

(c)     In the event it is determined Defendant did breach a duty owed to the Plaintiff, which has been denied, any such breach did not constitute a substantial factor and/or legal cause of any injuries and/or damages the Plaintiff may have sustained; and

(d)     If it is determined Defendant did breach a duty owed to the Plaintiff, which has been denied, it is alleged the Plaintiff did not sustain any legally cognizable and/or recoverable damages as a result thereof.

**Affirmative Defense 5.**   To the extent discovery in this matter reveals facts in support of the following allegations, Defendant asserts the following as an affirmative defense so as not to have waived such defense for use at trial:

(a)     Defendant believes, and therefore avers, that the occurrence giving rise to Plaintiff's claims may have been caused by the manner in which the Plaintiff acted and/or failed to act on the date and at the time and location of the alleged occurrence;

(b)     Defendant believes, and therefore avers, that the Plaintiff may have acted in a manner that was unreasonable and imprudent under the circumstances and the conditions existing at or near the scene of the occurrence on the date and at the time alleged;

(c)     Defendant further believes, and therefore avers, that any injuries and/or damages the Plaintiff may have sustained would not have occurred but for the Plaintiff's own acts and/or omissions; and

(d)     Defendant believes, and therefore avers, that the Pennsylvania Comparative Negligence Act, found at 42 Pa. C.S.A. §7102, operates as a complete bar to the Plaintiff's claims or, in the alternative, operates to diminish the Plaintiff's claims.

**Affirmative Defense 6.** At no time relevant hereto did Defendant, purposefully and/or negligently conduct its affairs so as to cause Plaintiff's harm, as alleged.

**Affirmative Defense 7.** The Plaintiff has failed to mitigate his damages, if any.

**Affirmative Defense 8.** Some or all of the injuries claimed by the Plaintiff to have been caused by Defendant were pre-existing to the incident at issue, as alleged.

**Affirmative Defense 9.** The condition more fully described in Plaintiff's Complaint which allegedly caused the Plaintiff's injuries and harm, the existence of which is denied, did not constitute a dangerous condition.

**Affirmative Defense 10.** Defendant denies the existence of and/or reasonable or constructive notice of the condition described in Plaintiff's Complaint.

**Affirmative Defense 11.** The Plaintiff assumed the risk in all actions and/or inactions undertaken at or about at the time of loss, as alleged.

**Affirmative Defense 12.** Plaintiff's claims are barred by operation of the Choice of Ways doctrine.

WHEREFORE, Defendant, WALMART STORES, INC., (correctly "WALMART STORES EAST, L.P."), demands judgment in its favor and against that of all other parties, together with costs of suit and all such other relief as this Honorable Court deems just and equitable.

Respectfully submitted,

THOMAS, THOMAS & HAFER, LLP

BY:   *Ryan C. Blazure*

RYAN C. BLAZURE, ESQUIRE
PA Atty. ID No.: 84034
JOSEPH J. SHIELDS, ESQUIRE
PA Atty. ID No.: 312227
1065 Highway 315, Suite 403
Wilkes-Barre, PA 18702
P: (570) 820-0240 / F: (570) 825-5164
rblazure@tthlaw.com
jshields@tthlaw.com

Counsel for Defendant

8

## <u>CERTIFICATE OF SERVICE</u>

I, RYAN C. BLAZURE, ESQUIRE, hereby certify that on the 15th day of January 2021, I sent a true and correct copy of Defendant's Answer with Affirmative Defenses via ECF and electronic mail to:

Kevin M. Conaboy, Esquire
Abrahamsen, Conaboy and Abrahamsen, P.C.
1006 Pittston Avenue
Scranton, PA 18505
kconaboy@law-aca.com

Respectfully submitted,

**THOMAS, THOMAS & HAFER, LLP**

BY: *Ryan C. Blazure*

RYAN C. BLAZURE, ESQUIRE
PA Atty. ID No.: 84034
JOSEPH J. SHIELDS, ESQUIRE
PA Atty. ID No.: 312227

Attorneys for Defendant

4847435.1