IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KARL KREIG** | : | **CIVIL ACTION - LAW** |
| | : | |
| Plaintiff | : | **JUDGE MARIANI** |
| | : | |
| v. | : | **JURY TRIAL DEMANDED** |
| | : | |
| **WALMART STORES, INC.,** | : | **NO.: 3:21-CV-00074** |
| | : | |
| Defendant | : | |

## JOINT CASE MANAGEMENT PLAN

**I.   PRINCIPAL ISSUES:**

1.1   Separately for each party, please give a statement summarizing this case:

   By Plaintiff(s):

   This matter arises from a slip and fall incident that occurred on June 18, 2020. Plaintiff, Karl Kreig, was a business invitee at the Wal-Mart store in Dickson City, Pennsylvania, when he was caused to slip and fall as a result of a wet floor in the men's restroom, and as a result, he sustained serious personal injuries, including but not limited to a chip fracture in his ankle. Plaintiff alleges that the Defendant was responsible for his fall, as it failed to maintain the bathroom in a safe condition, or warn the Plaintiff of the danger posed by the wet floor.

   By Defendant(s):

   Plaintiff, Mr. Kreig, was apparently within the Dickson City, Pennsylvania Walmart store on June 18, 2020, when he allegedly fell in a men's restroom. This fall was unwitnessed. Negligence is disputed, and Plaintiff's own contributory / comparative negligence is certainly at issue in this matter. Further, the causation and extent of any injuries and resulting damages are disputed as well

1.2   The facts the parties dispute are as follows:

    1.21   The facts and circumstances surrounding the incident.

    1.22   The nature and extent of Plaintiff's injuries and damages

<u>agreed</u> upon are as follows:

    1.23   That Plaintiff was present in Defendant's store on June 18, 2020.

    1.24   Plaintiff is a citizen of the Commonwealth of Pennsylvania

    1.25   The proper Defendant to this matter, Walmart Stores East, L.P., is a Delaware corporation with a principal place of business in Arkansas

1.3   The <u>legal</u> issues that the parties <u>dispute</u> are:

    1.31   Liability

    1.33   Damages

    1.34   Contributory and/or comparative negligence of Plaintiff.

    1.35   Whether Plaintiff is entitled to recover damages against Defendant

<u>agreed</u> upon are: as follows:

    1.34   Diversity jurisdiction exists for the matter to be before this Honorable Court

    1.35   Venue is appropriate in the Middle District

1.4   Identify any unresolved issues as to the service of process, personal jurisdiction, subject matter jurisdiction, or venue:

None

1.5   Identify any named parties that have not yet been served:

None.

1.6 Identify any additional parties that:

Plaintiff(s) intend to join: None

Defendant(s) intend to join: None at this time.

1.7 Identify any additional claims that:

Plaintiff(s) intend to add: None

Defendant(s) intend to add: None at this time.

**2.0 Disclosures**

The undersigned counsel certifies that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

2.1 Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

Disclosed by Plaintiff:

1. Karl Kreig
2. Elmo Baldassari, D.P.M.

Disclosed by Defendant:

1. Karl Kreig — Plaintiff
2. Any and all witnesses identified by Plaintiff
3. Kyle Manikowski — c/o Defendant, Store Management
4. Marty Anstett — c/o Defendant, Store Management
5. Ljuba Konstantin — c/o Defendant, Store Management

6. Katie Simmons            c/o Defendant, Store Asset Protection

7. Mark Sauers              c/o Defendant, Store Associate

**3.0  Early Motions**

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:
<u>Nature of Motion         Moving Party              Anticipated Filing Date</u>

None at this time.

**4.0  Discovery**

4.1  Briefly describe any discovery that has been completed or is in progress:
By Plaintiff(s):

Plaintiff is in the process of preparing Plaintiffs' Initial Rule 26 Disclosures. Plaintiff has propounded Interrogatories and Request for Production of Documents upon the Defendant.

By Defendant(s):

Defendant, reserving the right to supplement this list, intends to serve written discovery upon the Plaintiff, subpoena Plaintiff's medical, wage, employment, disability and other related providers; depose Plaintiff and any witnesses identified by Plaintiff or discovered via investigation of this matter; and conduct an IME of the Plaintiff

4.2  Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

The depositions of the parties and any and all other individuals disclosed by parties and/or identified through discovery and written discovery, including subpoenas.

4.3   Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

None at this time. However, if the parties can not agree to the scope of any subpoena(s) Defendant desires to serve Plaintiff will lodge objections.

4.4   Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

None at this time.

4.5   For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s):

4.5.1   depositions (excluding experts) to be taken by:

Plaintiff(s): ____10____   Defendant(s): ____10____

4.5.2   interrogatories to be served by:

Plaintiff(s): ____25____   Defendant(s): ____25____

4.5.3   document production requests to be served by:

Plaintiff(s): ____25____   Defendant(s): ____25____

4.5.4   requests for admission to be served by:

Plaintiff(s): ____25____   Defendant(s): ____25____

4.6   Discovery of Electronically Stored Information

      X      Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

      ☐      Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:

**5.0   Protective Order**

    5.1   If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

          No protective order is sought at this time. However, Defendant reserves the right to request the same from Plaintiff.

    5.2   If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

          None at this time.

**6.0   Scheduling**

    6.1   Final date for joining additional parties:

          Plaintiff(s): ____3/31/2021____  Defendant(s): ____3/31/2021____

    6.2   Final date for amending pleadings:

          Plaintiff(s): ____3/31/2021____  Defendant(s): ____3/31/2021____

    6.3   All fact discovery commenced in time to be completed by:

          ____August 31, 2021____

    6.4   All potentially dispositive motions should be filed by:

      __12/10/2021__

6.5    Reports from retained experts due:

      Plaintiff(s): __8/31/2021__      Defendant(s): __9/30/2021__

6.6    Supplementations due: __10/15/2021__

6.7    All expert discovery commenced in time to be completed by:

      __12/3/2021__

6.8    This case may be appropriate for trial in approximately:

      _____ 240 days from the filing of this action in this court
      __X__ 365 days from the filing of this action in this court

6.9    Suggested date for the final Pretrial Conference:

      __January 2022__ (month/year)

6.10    Trial

      6.10.1    Suggested date for trial
                   __February 2022__ (month/year)

**7.0    Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority:

**Plaintiffs:**

Karl Kreig

**Defendant:**

Ryan C. Blazure, Esquire
Thomas, Thomas and Hafer, LLP

1065 Highway 315, Suite 403
P: (570) 820-0240
F: (570) 825-5164
rblazure@tthlaw.com

**8.0   Alternative Dispute Resolution ("ADR")**

8.1   Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

ADR procedure: The parties are amenable to the mediation of this matter.

8.2   If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

N/A

8.3   If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

The parties recommend proceeding to a mediation following the conclusion of discovery

**9.0   Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. §636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court:
__X__ Y     ____ N

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

__X__ Scranton/Wilkes-Barre

_____Harrisburg

## 10.0 Other matters

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

None at this time.

## 11.0 Identification of Counsel

Counsel shall be registered users of the Court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with Clerk's Office prior to the case management conference. The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below:

For Plaintiff:
Kevin M. Conaboy, Esquire
Abrahamsen, Conaboy & Abrahamsen, P.C.
Attorneys for Plaintiffs
1006 Pittston Avenue
Scranton, PA 18505
kconaboy@law-aca.com

For Defendant:
Ryan C. Blazure, Esquire
Thomas, Thomas and Hafer, LLP
1065 Highway 315, Suite 403
P: (570) 820-0240
F: (570) 825-5164
rblazure@tthlaw.com